# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN VOLKSWAGEN, INC. *d/b/a Steven Infiniti*,<br><br>  Plaintiff,<br><br>  v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>  Defendant, | Case No. 19-1161-JWB-ADM |

## **MEMORANDUM AND ORDER**

  This matter comes before the court on Defendant's Motion to Disqualify Greg Andersen (ECF No. 73), who is Plaintiff Steven Volkswagen, Inc.'s ("Steven") in-house counsel and one of its attorneys of record. Defendant Zurich American Insurance Company ("Zurich") asks the court to disqualify Mr. Andersen on the grounds that he is a fact witness. Steven opposes the motion, arguing that Mr. Andersen's only possible factual testimony concerns the fact that he handwrote the insurance claim at issue and faxed it to Zurich, and that counsel for Zurich elicited the remainder of his deposition testimony about his opinions on the insurance claim given his status as an attorney, not a fact witness. The present record does not establish that Mr. Andersen is a necessary fact witness. Zurich's motion is therefore denied without prejudice.

**I. BACKGROUND**

  Steven is an automobile dealership that made an insurance claim to Zurich for damages to its vehicle inventory caused by a windstorm in 2019. Steven claims Zurich breached its insurance policy and the implied covenant of good faith by using an improper method to adjust Steven's claims. In particular, Steven contends that Zurich should have adjusted the 2019 claim using the

same methodology it used to adjust a prior wind-damage claim in 2018. This case concerns the extent of the vehicle damage and the proper method under the policy for adjusting the claims.

Mr. Andersen is Steven's in-house counsel. He was responsible for making the insurance claim that is the subject of this lawsuit. Steven disclosed Mr. Anderson in its Fed. R. Civ. P. 26(a)(1) initial disclosures as an individual likely to have discoverable information "of the claims for damage to the inventory of Volkswagen and Infiniti." (ECF No. 74-1, at 1.) He entered his appearance as counsel of record on October 21, 2019. (ECF No. 52.)

On October 31, Zurich deposed Mr. Andersen. He testified—in response to questioning from Zurich's counsel—about Steven's 2019 wind-damage claim and the prior 2018 wind-damage claim. He also testified about his understanding of federal safety regulations and whether Zurich's proposed repairs would comply with regulations and vehicle warranties.

Zurich asks the court to disqualify Mr. Andersen because he is likely to be a necessary fact witness at trial. Steven opposes the motion on the basis that Mr. Andersen's testimony relates only to submitting the insurance claim and that Steven believes the parties will ultimately stipulate that Mr. Andersen was the individual who filed the initial claim forms.

## II. ANALYSIS

When faced with a motion to disqualify counsel, the court must consider both the local rules of the court in which the attorney appears, and "because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law." *United States v. Stiger*, 413 F.3d 1185, 1195 (10th Cir. 2005) (overruled on other grounds) (citing *Cole v. Ruidoso Mun. Schools,* 43 F.3d 1373, 1383 (10th Cir. 1994)). The court retains discretion to determine whether disqualification is warranted, but it must be mindful that a motion to disqualify can be used as a litigation strategy.

*Smith v. Whatcott,* 757 F.2d 1098, 1100 (10th Cir. 1985). An ethical violation does not necessarily trigger disqualification. *Koch v. Koch Indus.*, 798 F. Supp. 1525, 1531 (D. Kan. 1992). Rather, the court must consider whether disqualification serves the purpose behind the rule in question. *Id.*

This district has adopted the Kansas Rules of Professional Conduct ("KRPC"). *See* D. Kan. Rule 83.6.1(a) (stating that the Kansas rules apply "except as otherwise provided by specific rule of this court"). KRPC 3.7 prohibits a lawyer from acting "as an advocate at a trial in which the lawyer is likely to be a necessary witness" unless:

> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

KRPC 3.7. The rule's purpose is to prevent jury confusion if a lawyer were to appear in a dual role as an advocate and a witness. *Id.* at cmt. 2. The rule applies to advocacy at trial and but does not apply to a lawyer's ability to perform pretrial activities, except for participating in depositions. *See Lowe*, 328 F. Supp. at 1127.

Courts in this district typically apply a three-part test to determine whether potential testimony is "necessary" within the meaning of KRPC 3.7 and whether an attorney should be disqualified under the rule. *See Walker v. Newman Univ., Inc.*, No. 19-CV-2005-DDC-TJJ, 2019 WL 2268971, at *2 (D. Kan. May 28, 2019) (collecting cases). Under the test, the court should disqualify an attorney pursuant to KRPC 3.7 only if: (1) the attorney would give evidence material to the issue being litigated; (2) the evidence is unobtainable from other sources; and (3) the testimony is prejudicial or potentially prejudicial to the testifying attorney's client. *Id.* All three

factors must be met for the court to disqualify an attorney based on the advocate-witness rule. *Id.* If the court determines that the attorney is not a "necessary witness" under this test, it need not consider whether one of three enumerated exceptions in KRPC 3.7 exceptions applies. *See Darnell v. Merchant*, No. 17-3063-KHV, 2017 WL 2618823, at *4 (D. Kan. June 16, 2017).

The moving party bears the initial burden of coming forward with evidence to establish a prima facie case that a disqualifying conflict exists. *Walker*, 2019 WL 2268971, at *2; *Lowe v. Experian*, 328 F. Supp. 2d 1122, 1125 (D. Kan. 2004). The party moving for disqualification under KRPC 3.7 "has the burden to show the lawyer is likely to be a necessary witness." *Hjersted Family Lt. P'ship v. Hallauer*, No. 06-2229-CM-GLR, 2007 WL 2789829, at *6 (D. Kan. Sept. 21, 2007) (internal quotations omitted). "The proof must be more than mere speculation and must sustain a reasonable inference of a violation." *Koch*, 798 F. Supp. at 1530–31. The ultimate burden lies with the attorney whose disqualification is sought. *Walker*, 2019 WL 2268971, at *2; *Lowe v. Experian*, 328 F. Supp. 2d at 1125.

Zurich does not address the three-part test for determining whether Mr. Andersen is a "necessary witness" under KRPC 3.7. Rather, Zurich seems to contend that because Mr. Andersen is a potential or likely witness, he must be disqualified. (*See* ECF No. 74, at 10.) In support, Zurich cites to Steven's disclosure of Mr. Anderson in its initial disclosures. Zurich also notes that Steven's responses to Zurich's interrogatories identified Mr. Andersen as having knowledge about the cause of damages to the vehicles and Zurich's alleged breach of the policy. Zurich then makes the conclusory assertion that the court must disqualify Mr. Andersen because his recent deposition testimony will be used at trial. (ECF No. 74, at 10.) Mr. Andersen gave deposition testimony about these topics and further testified about his interpretation of the policy. (*Id.*) But simply

4

because Mr. Andersen could potentially testify about various issues does not mean that he is a *necessary* fact witness under KRPC 3.7.

For one, Zurich's list of generalized topics does not establish that Mr. Andersen's testimony is material to the issues. Zurich's motion appears to be based almost entirely on deposition testimony that Zurich itself elicited. For example, much of Mr. Anderson's deposition testimony appears to be his own opinions about policy interpretation, warranties, and federal regulations—all in response to Zurich's deposition questions. Nothing in the record suggests that Steven intends to use Mr. Anderson as a witness on these issues or that Steven properly disclosed Mr. Anderson to give expert testimony on such matters. Moreover, at least some of these matters appear to be legal issues that the court may resolve as issues of law. At this procedural juncture, Zurich offers nothing more than conjecture as to whether Steven will offer testimony from Mr. Anderson that is material and/or whether the court will allow such testimony.

Zurich also does not suggest that Steven intends to offer material testimony from Mr. Andersen that is unobtainable from other sources. On this record, it appears unlikely that he is the only individual who could testify about the nature and extent of the vehicle damage or other facts giving rise to this suit, particularly considering that Zurich has deposed Steven's chief financial officer, general operations manager, owner, and service manager.

And, finally, there is no indication or argument on this record that Mr. Andersen's testimony would prejudice Steven. If anything, the portions of the deposition cited by Zurich show that Mr. Andersen's testimony is in line with his client's view of the case. *See Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2014 WL 6632939, at *3 (D. Kan. Nov. 21, 2014) (finding the factual record was too underdeveloped to determine that the attorney's testimony was potentially prejudicial to her clients).

Because Zurich has not established that Mr. Andersen is a necessary witness, the court denies its motion to disqualify. The court does so without prejudice, however, recognizing that issues concerning the need for, scope, and admissibility of Mr. Anderson's testimony that Steven intends to offer might change as the case progresses. *See Hjersted*, 2007 WL 2789829, at *6 (recognizing that on a motion for disqualification under KRPC 3.7, the court may "delay ruling until it can be determined that no other witness could testify, and obviates disqualification if the lawyer's testimony is merely cumulative"); *see also Schneider*, 2014 WL 6632939, at *3 (denying a motion to disqualify without prejudice given the district's cautionary approach in considering motions to disqualify and the underdeveloped record during the pretrial stage).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Disqualify Greg Andersen (ECF No. 73) is denied without prejudice.

**IT IS SO ORDERED.**

Dated December 9, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
